UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14 CR 007 ERW |
| | ) | |
| KELLY O'SHEA, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

COMES NOW the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and John M. Bodenhausen, Assistant United States Attorney for said District, and for its Sentencing Memorandum states as follows:

1. On January 22, 2014, the defendant, Kelly O'Shea, waived indictment and pleaded guilty to a one-count information charging her with wire fraud, in violation of 18 U.S.C. § 1343. The charge resulted from an investigation which revealed that Ms. O'Shea had systematically embezzled more than $100,000 from her employer using various means.

2. The Probation Office has prepared a Presentence Investigation Report ("PSR") in this matter. The PSR recommends a total offense level of fourteen (14), and a history category of III. The PSR identifies an advisory sentencing range of 21-27 months.

3. Ms. O'Shea has a prior felony conviction in this District for substantially similar conduct. See United States v. O'Shea, No. 4:07 CR 324 RWS. In that case, Ms. O'Shea also embezzled more than $100,000 from her employer. In that case, as well as the present case, Ms. O'Shea used the embezzled funds to support a drug habit, as well as to pay personal expenses. Ms. O'Shea received a three-month sentence of imprisonment in the prior case.

1

Ms. O'Shea was on supervised release during at least a portion of her criminal conduct that resulted in the present matter.

4.  The government respectfully suggests that a sentence of 21 months of imprisonment is reasonable in this case. A sentence within the advisory range is appropriate and necessary in view of all of the facts and circumstances in this matter. The government's primary concern related to the fact that Ms. O'Shea has a recent conviction for substantially identical conduct, yet a brief term of imprisonment did not deter her in this matter. As the Court considers the factors under 18 U.S.C. § 3553(a), the government suggests that a sentence of 21 months is necessary to promote respect for the law, deter Ms. O'Shea from further criminal conduct, and protect the public from future crimes by Ms. O'Shea.

5.  Normally, in a case such as this, the government would ask for a sentence above the low-end of the advisory sentencing range. The government is not asking for a higher sentence in this matter for two reasons. First, Ms. O'Shea voluntarily sought substance abuse treatment in 2013. Second, Ms. O'Shea waived her right to indictment and did not contest the evidence against her in any manner. Accordingly, the government believes that Ms. O'Shea has demonstrated a level of acceptance of responsibility that would warrant a sentence at the low-end of the range, despite the other aggravating factors present in her case.

WHEREFORE, the government respectfully requests this Honorable Court to consider the instant sentencing memorandum and suggestions herein in determining the sentence to impose in this case.

>Respectfully Submitted,
>
>RICHARD G. CALLAHAN
>United States Attorney
>
>/s/ *John M. Bodenhausen*
>John M. Bodenhausen
>Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on  April 14, 2014   the foregoing was filed electronically with the Clerk of the Court for service upon counsel for defendant.

>s/ *John M. Bodenhausen*
>Assistant United States Attorney